McGREGOR W. SCOTT
United States Attorney
MICHAEL W. REDDING
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

FILED

JAN 1 6 2020

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARIO GONZALEZ,<br><br>Defendant. | CASE NO. 2:20-CR-0013 WBS<br><br>18 U.S.C. §§ 922(g)(1) and 924(e)(1) – Felon in Possession of a Firearm; 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c) – Criminal Forfeiture |

# INDICTMENT

The Grand Jury charges: T H A T

MARIO GONZALEZ,

defendant herein, on or about December 16, 2019, in the County of San Joaquin, State and Eastern District of California, knowing that had he been convicted of a crime punishable by a term of imprisonment exceeding one year, specifically:

(1) Inflicting a Corporal Injury on a Spouse or Cohabitant, in violation of California Penal Code § 273.5, on or about November 20, 2001, in the County of San Mateo, California;

(2) Inflicting a Corporal Injury on a Spouse or Cohabitant, in violation of California Penal Code § 273.5, on or about October 7, 2002, in the County of San Mateo, California;

(3) Inflicting a Corporal Injury on a Spouse or Cohabitant, in violation of California Penal Code § 273.5, on or about October 21, 2011, in the County of San Joaquin, California;

(4) Battery Causing Serious Bodily Injury, in violation of California Penal Code § 243(d), on or

| | |
|---|---|
| 1 | about October 21, 2011, in the County of San Joaquin, California; |
| 2 | (5) Reckless Driving Resulting in Specific Serious Injuries, in violation of California Vehicle |
| 3 | Code § 23015(b), on or about October 21, 2011, in the County of San Joaquin, California; |
| 4 | and, |
| 5 | (6) Felon in Possession of a Firearm, in violation of California Penal Code § 29800(a)(1), on or |
| 6 | about October 31, 2014, in the County of San Joaquin, California; |
| 7 | did knowingly possess a firearm, specifically, a Ruger New Vaquero .45 Caliber Revolver with serial |
| 8 | number 510-09881, in and affecting commerce, in that said firearm had previously been transported in |
| 9 | interstate and foreign commerce, in violation of Title 18, United States Code, Section 922(g)(1) and |
| 10 | 924(e)(1). |
| 11 | FORFEITURE ALLEGATION: [18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c) – Criminal Forfeiture] |
| 12 | 1. Upon conviction of the offense alleged in this Indictment, defendant MARIO |
| 13 | GONZALEZ shall forfeit to the United States pursuant to Title 18, United States Code, Section |
| 14 | 924(d)(1) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in |
| 15 | or used in the knowing commission of the offense. |
| 16 | 2. If any property subject to forfeiture, as a result of the offense alleged in this Indictment, |
| 17 | for which defendant is convicted: |
| 18 | a. cannot be located upon the exercise of due diligence; |
| 19 | b. has been transferred or sold to, or deposited with, a third party; |
| 20 | c. has been placed beyond the jurisdiction of the Court; |
| 21 | d. has been substantially diminished in value; or |
| 22 | e. has been commingled with other property which cannot be divided without |
| 23 | difficulty; |
| 24 | /// |
| 25 | /// |
| 26 | /// |
| 27 | /// |
| 28 | /// |

1 | it is the intent of the United States, pursuant to Title 28, United States Code, Section 2461(c), as
2 | incorporated by Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of
3 | defendant, up to the value of the property subject to forfeiture.

A TRUE BILL.

**/s/ Signature on file w/AUSA**

FOREPERSON

*[signature]*

McGREGOR W. SCOTT
United States Attorney

No. _ _ _ _ _ _ _ _ _ _

# UNITED STATES DISTRICT COURT

*Eastern District of California*

*Criminal Division*

## THE UNITED STATES OF AMERICA
*vs.*

MARIO GONZALEZ

## INDICTMENT

**VIOLATION(S):** 18 U.S.C. § 922(g)(1) – Felon in Possession of Firearm; 18 U.S.C. §924(d)(1) and; 28 U.S.C. § 2461(c) – Criminal Forfeiture

*A true bill,* **/s/ Signature on file w/AUSA**

_____
*Foreman.*

*Filed in open court this* __16__ *day*

*of* __JANUARY__, A.D. 20 __20__

_____
*Clerk.*

*Bail, $* _____ **NO BAIL WARRANT**

_____

GPO 863 525

## United States v. Mario Gonzalez
## Penalties for Indictment

**Defendant:**     Mario Gonzalez

**SOLE COUNT:**

VIOLATION:     18 U.S.C. § 922(g)(1) – Felon in Possession of a Firearm

PENALTIES:     Standard Penalty

A term of imprisonment for up to 10 years,
A fine of up to $250,000, or both fine and imprisonment,
A term of supervised release for up to 3 years.

If the Court finds that the defendant has **three** previous convictions for a violent felony or a serious drug offense, or both, committed on occasions different from one another, then pursuant to 18 U.S.C. § 924(e)(1), the offense is punishable by:

A term of imprisonment for not less than 15 years, up to life,
A fine of up to $250,000, or both fine and imprisonment,
A term of supervised release for up to 5 years.

**FORFEITURE ALLEGATION:**     Mario Gonzalez

VIOLATION:     18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c) - Criminal Forfeiture

PENALTIES:     As stated in the charging document