McGREGOR W. SCOTT
United States Attorney
MICHAEL W. REDDING
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br>                    Plaintiff, <br><br>           v. <br><br> MARIO GONZALEZ, <br><br>                    Defendant. | CASE NO. 2:20-CR-13-WBS <br><br> STIPULATION REGARDING EVIDENTIARY HEARING <br><br> DATE: February 2, 2021 <br> TIME: 10:00 a.m. <br> COURT: Hon. William B. Shubb |

**STIPULATION**

The Parties are to appear before the Court for a Motion to Suppress on February 2, 2021 at 10:00 a.m.

In his Motion to Suppress, the defendant did not request an evidentiary hearing. However, in his Reply to the Government's Response to the Defendant's Motion to Suppress, the defendant requested an Evidentiary Hearing for a very narrow issue – to establish that Manteca Police Department Report Number MP19-32296 (Government's Exhibit A) would have been provided to Superior Court Judge Michael Coughlan in order for him to find probable cause to issue a Felony Arrest Warrant in San Joaquin County Superior Court Case Number CR-2019-0013398 (Government's Exhibit C).

The Government thereafter filed a Declaration of San Joaquin District Attorney's Office Clerical Supervisor of Support Staff Glenda Cardoza (Government's Exhibit F). The defendant agrees that the declaration correctly describes the procedures used by the San Joaquin County District Attorney's

1  Office, Judge Coughlan, and the San Joaquin County Superior Court.  Given these standard procedures,

2  the defendant agrees that there is a high degree of probability that Judge Coughlan reviewed this report

3  (Government's Exhibit A) before issuing the warrant.  The defendant also agrees that he has no evidence

4  to rebut the inference that Judge Coughlan reviewed this report.  The defendant agrees there are no

5  contestable issues of material fact.  Given the lack of factual dispute, the defendant withdraws his

6  request for an evidentiary hearing.

7        Furthermore, Plaintiff United States of America, by and through its counsel of record, and

8  defendant, by and through defendant's counsel of record, hereby stipulate as follows:

9        1.      By previous filing, the defendant requested an evidentiary hearing.

10       2.      By this stipulation, the defendant now withdraws his request for an evidentiary hearing.

11       3.      The parties both agree that there is no question of material fact at issue such that an

12 evidentiary hearing would be necessary.  *See, e.g.*, United States v. Howell, 231 F.3d 615, 620 (9th Cir.

13 2000) (holding that a hearing need not be held unless "the moving papers are sufficiently definite,

14 specific, detailed, and nonconjectural to enable the court to conclude that the contested issues of

15 [material] fact ... are in issue.").  The motion hearing now only raises legal issues.  *See United States v.*

16 *Mejia*, 953 F.2d 461, 467 (9th Cir. 1991).

17 ///

18 ///

19 ///

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

2

4. Accordingly, the parties by this stipulation agree that no evidentiary hearing is necessary, and jointly request that the Court withdraw its Order for an Evidentiary Hearing. ECF No. 42.

IT IS SO STIPULATED.

Dated: January 25, 2021

McGREGOR W. SCOTT
United States Attorney

/s/ MICHAEL W. REDDING
MICHAEL W. REDDING
Assistant United States Attorney

Dated: January 25, 2021

/s/ Douglas Beevers
Douglas Beevers
Counsel for Defendant
MARIO GONZALEZ

**FINDINGS AND ORDER**

IT IS SO FOUND AND ORDERED.

Dated: January 27, 2021

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE