PHILLIP A. TALBERT
United States Attorney
AARON D. PENNEKAMP
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>MARIO GONZALEZ,<br><br>　　　　　　　　　Defendant. | CASE NO. 2:20-CR-00013-WBS<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; ORDER<br><br>DATE: March 28, 2022<br>TIME: 9:00 a.m.<br>COURT: Hon. William B. Shubb |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1.　By several previous orders, this Court granted previous counsel's motion to withdraw as counsel for defendant, appointed the undersigned counsel to represent the defendant, and—based on a stipulation from the parties—set this matter for a status conference on March 28, 2022.

2.　Since the appointment of new counsel, the undersigned counsel has received discovery from defendant's previous counsel and has been working with an investigator to review the discovery. The undersigned defense counsel avers that he needs additional time to complete his review of the discovery, and his investigator needs additional time to investigate the facts of this case.

3.　Accordingly, the defendant moves to continue the previously scheduled status conference until May 16, 2022, and to exclude time between March 28, 2022, and May 16, 2022, under Local Code

T4.

4. The parties agree and stipulate, and request that the Court find the following:

    a) The government has represented that the discovery associated with this case includes photographs, several video and audio recordings, police reports, prior arrest reports, and documentation of the defendant's prior criminal history. All of this discovery has been either produced directly to defendant's previous counsel and/or made available for inspection and copying. Defendant's new counsel avers that defendant's previous counsel has given him access to this previously produced discovery.

    b) Counsel for the defendant has changed relatively recently, and new counsel is still familiarizing himself with the facts of this case. Previous defense counsel filed a motion to withdraw as counsel of record, and this Court granted that motion, appointing the undersigned to represent defendant on December 13, 2021.

    c) In light of this change, and in light of the undersigned counsel's acquisition of the discovery in this case, the defendant desires additional time to review the discovery already produced in this case, to investigate the facts of the case and defendant's criminal history, to discuss the case and case strategy with the defendant, to review the previous filings and orders entered in this case, and to otherwise prepare for trial. Moreover, defense counsel notes that he is currently preparing for a trial in another case that is set to occur in April 2022 and could continue into May 2022.

    d) Counsel for the government and the defendant have met and conferred and agreed to continue the status hearing in this case until May 16, 2022.

    e) Counsel for the government and the defendant agree that failure to grant the above-requested continuance would deny counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

    f) The government does not object to the requested continuance.

    g) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT

2

h) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of March 28, 2022 to May 16, 2022, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at the defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interests of the public and the defendant in a speedy trial.

5. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  March 21, 2022
PHILLIP A. TALBERT
United States Attorney

/s/ AARON D. PENNEKAMP
AARON D. PENNEKAMP
Assistant United States Attorney

Dated:  March 21, 2022
/s/ CHRIS COSCA
CHRIS COSCA
Counsel for Defendant
MARIO GONZALEZ

**ORDER**

IT IS SO FOUND AND ORDERED.

Dated:  March 28, 2022

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE