CHRIS COSCA (SBN 144546)
COSCA LAW CORPORATION
1007 7th Street, Suite 210
Sacramento, CA 95814
(916) 440-1010

Attorney for Defendant
MARIO GONZALEZ

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>Plaintiff,  )<br>  )<br>vs.  )<br>  )<br>  )<br>MARIO GONZALEZ,  )<br>  )<br>  )<br>Defendant.  ) | 2:20-CR-00013-WBS<br><br>NOTICE OF MOTION AND<br>MOTION FOR BAIL REVIEW<br><br>Date: July 14, 2022<br>Time: 2:00 p.m.<br>Courtroom: 26<br>Honorable Allison Claire |

PLEASE TAKE NOTICE that on July 14, 2022, at 2:00 p.m., or as soon thereafter as the matter may be heard in the above-entitled court, defendant MARIO GONZALEZ, by and through counsel, will move and does hereby move this court for an order granting his request for pretrial release on a combination of conditions. A detention hearing was previously held, and Mr. Gonzalez was ordered detained. Circumstances have since changed. Now, a secured bond, a third-party custodian, and other appropriate conditions are available.

This motion will be based upon this notice, the attached memorandum of points and authorities, the documents and any exhibits filed herein, and upon any such evidence, testimony and argument which may be presented at the hearing on this motion.

///

///

///

USA v. GONZALEZ- Motion for Bail Review  1

| | | |
|---|---|---|
| 1 | DATED: July 5, 2022 | Respectfully submitted, |

/S/ Chris Cosca
CHRIS COSCA
Attorney for Defendant
MARIO GONZALEZ

CHRIS COSCA (SBN 144546)
COSCA LAW CORPORATION
1007 7th Street, Suite 210
Sacramento, CA 95814
(916) 440-1010

Attorney for Defendant
MARIO GONZALEZ

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | 2:20-CR-00013-WBS |
| ) | |
| Plaintiff, ) | MEMORANDUM OF POINTS AND |
| ) | AUTHORITIES IN SUPPORT OF |
| vs. ) | MOTION FOR BAIL REVIEW |
| ) | |
| MARIO GONZALEZ, ) | |
| ) | |
| ) | |
| Defendant. ) | |

## I. INTRODUCTION

Defendant seeks reconsideration of the court's decision to deny pretrial release. At the previous detention hearing, relevant information was unknown or uncorroborated, and adequate conditions of release were unavailable. Now, Mr. Gonzalez's wife, Daisy Zamora is willing to serve as a third-party custodian and sign an unsecured bond. Ms. Zamora is stable, responsible, employed, and willing to pledge substantial resources to assure Mr. Gonzalez complies with pretrial release conditions. If the court finds it necessary, she and Mr. Gonzalez are also willing to post a secured bond, pledging their family home as security to assure future court appearances. The home is located in Kennewick, Washington, and has approximately $115,000.00 in equity. Mr. Gonzalez is willing to follow any other conditions the Court may impose.

## II. AUTHORITY

Pursuant to 18 U.S.C. § 3142(f), a bail hearing "May be reopened…at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of

USA v. GONZALEZ- Motion for Bail Review  3

release that will reasonably assure the appearance of such person as required and the safety of any other person and the community. Pretrial detention of a criminal defendant is only appropriate where a judicial officer "finds that no condition or combination of conditions [pertaining to release] will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C.§ 3142(e).

In determining whether there are conditions of release that reasonably assure the appearance of the defendant as required and the safety of the community, the judicial officer shall consider four factors at a pretrial detention hearing. (18 U.S.C. § 3142(g).) These factors are (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. (Id.) The second factor, "weight of the evidence," is the least important of those factors. (*United States v. Cardenas*, 784 F.2d 937 (9th Cir. 1986); *United States v. Birges*, 523 F.Supp. 468, 470.)

### III. ARGUMENT

Mr. Gonzalez is charged by indictment with Felon in Possession of a Firearm. Although his criminal history is lengthy, the last conviction was in 2014. At the initial detention hearing, no adequate sureties were available and pretrial services was unable to gather sufficient background information. Now, Mr. Gonzalez's wife is willing to serve as a third-party custodian and sign bonds, both unsecured and secured. Daisy Zamora would be an excellent third-party custodian. She is responsible and hard working. For approximately 20 years, she has worked for Costco.

If released, Mr. Gonzalez will reside with his wife in the State of Washington. He travelled out of the country one time when he was 15 years old. He does not have a passport. His criminal history is minimal. He will conduct himself properly if released and follow any conditions the court may impose.

///

///

## IV. CONCLUSION

In order to detain a defendant, the court must be satisfied that "no combination of conditions" of release will reasonably assure his appearance. (18 U.S.C § 3142(e).) Here, a third-party custodian, an unsecured bond, and a secured bond, will adequately assure Mr. Gonzalez's appearance. He is willing to accept any additional condition of release if deemed appropriate. Accordingly, Mr. Gonzalez respectfully requests that the court order his release with appropriate conditions.

DATED: July 5, 2022                                            Respectfully submitted,


                                                               /S/ Chris Cosca_____
                                                               CHRIS COSCA
                                                               Attorney for Defendant
                                                               MARIO GONZALEZ